**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000586
15-FEB-2013
08:45 AM**

NO. CAAP-11-0000586


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TEVITA UNGOUNGA, also known as Terita Ungounga, David Ungounga,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1295)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Tevita Ungounga, also known as Terita Ungounga, and also known as David Ungounga (Ungounga), appeals from the Amended Judgment of Conviction and Probation Sentence, entered on July 7, 2011 in the Circuit Court of the First Circuit, (Circuit Court).[1]

After a jury-waived trial, Ungounga was found guilty of, inter alia, four counts of Attempt to Evade or Defeat Tax, in violation of Hawaii Revised Statutes (HRS) § 231-34 (2001) relating to his failure to pay general excise tax due in tax years 2004, 2005, 2006, and 2007 and three counts of False and Fraudulent Statements, in violation of HRS § 231-36(a) (2001), relating to his failure to truthfully and correctly report adjusted gross income on his State of Hawai'i income tax returns for tax years 2004, 2005, and 2006.

---

[1]     The Honorable Richard W. Pollack presided.

On appeal, Ungounga contends there was insufficient evidence to support his convictions.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ungounga's points of error as follows:

(1) "[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, '[w]e have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances.'" State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Mitsuda, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997)).

When the evidence is viewed in the light most favorable to the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence that Ungounga acted wilfully[2] in an attempt to evade or defeat paying all general excise taxes due for tax years 2004, 2005, 2006, and 2007. Ungounga admitted that his gross income was $275,000 for 2004, was $488,700 for 2005, was $191,450 for 2006, and was $182,592 for 2007. Ungounga also admitted that he knew he had to file general excise tax returns and pay general excise tax on his total gross income. Ungounga applied for and received a general excise tax number in 1997. For general excise tax payment purposes, Ungounga only reported gross income of $49,100 for 2004, $135,150 for 2005, zero for 2006, and zero for 2007. In Ungounga's state income tax returns, he did not report any gross receipts for 2004, reported gross receipts of $145,000 for 2005, and $120,000 in gross receipts for 2006. Ungounga did not file a State of Hawai'i individual income tax return for 2007.

_____

[2] HRS § 231-40 (Supp. 2012) defines "wilfully" as "a voluntary, intentional violation of a known legal duty." See State v. Souza, 119 Hawai'i 60, 68-69, 193 P.3d 1260, 1268-69 (App. 2008).

There was also evidence that Ungounga cashed checks from customers instead of depositing them into his business or personal accounts and that cashed checks did not appear on any bank statements. The Circuit Court found that Ungounga's testimony that the State of Hawai'i, Department of Taxation stopped him from filing his returns was not credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; block quote format changed).

Based upon Ungounga's acts and all reasonable inferences from the circumstances, there was sufficient evidence for a trier of fact to conclude that Ungounga acted wilfully to evade or defeat paying some or all general excise taxes due for tax years 2004, 2005, 2006, and 2007.

(2) When the evidence is viewed in the light most favorable to the prosecution, Matavale, 115 Hawai'i at 157-58, 166 P.3d at 330-31, there was substantial evidence that Ungounga wilfully made statements in his 2004, 2005, and 2006 tax returns that he did not believe to be true and correct in every material matter, specifically, reporting of his adjusted gross income. As specified above, Ungounga's gross income was significantly more than he reported on either his general excise tax returns or state income tax returns. Despite working with accountants in 2004 who asked Ungounga for receipts, documentation, and business records, Ungounga did not keep any records. Instead, he cashed checks that were not reflected in any bank statements. At trial Ungounga admitted that his gross income was far in excess of what was reported in his individual tax returns for 2004, 2005, and 2006 and admitted that he signed his tax returns for 2004, 2005, and 2006 which certified that the tax return was true and correct to the best of his knowledge and made in good faith.

3

Based upon the Ungounga's acts and all reasonable inferences from the circumstances, there was sufficient evidence for a trier of fact to conclude that Ungounga acted wilfully when he made statements in his 2004, 2005, and 2006 tax returns that he did not believe to be true and correct as to every material matter.

THEREFORE,

IT IS HEREBY ORDERED that the Amended Judgment of Conviction and Probation Sentence, entered on July 7, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 15, 2013.

On the briefs:

Michael Jay Green,
for Defendant-Appellant.

Debbie L. Tanakaya,
Deputy Attorney General,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge